## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERNEST GROUP, INC., ) | |
| ) | |
| d/b/a PAYCOM ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| PAYCOM.net, L.L.C., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Ernest Group, Inc., d/b/a Paycom ("Paycom"), alleges and states as follows:

## THE PARTIES

1.      Plaintiff is an Oklahoma corporation with its principal place of business located at 4005 Northwest Expressway, Suite 500, Oklahoma City, Oklahoma, and does business using the name and trademark "PAYCOM."

2.      Defendant Paycom.net, L.L.C., is a California limited liability company with its principal place of business located at 4215 Glencoe Avenue, 1st Floor, Marina Del Rey, California.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. § 1125 and 28 U.S.C. § 1338(a).

4.      This Court has supplemental jurisdiction over the Oklahoma state law claims pleaded herein pursuant to 28 U.S.C. § 1367 because these claims are so related to the

1

claims in the action within the Court's original jurisdiction that they form the same case or controversy.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## THE ACTIVITIES AND RIGHTS OF PLAINTIFF

6.      Since 1998, Plaintiff has continuously used "PAYCOM" in commerce as a service mark in conjunction with its payroll services, namely, payroll preparation services and payroll tax debiting services.

7.      Plaintiff obtained and currently holds the following Federally registered trademark for its "PAYCOM" mark; U.S. Registration No. 2,318,824 for "PAYCOM" registered February 15, 2000, a copy of which is attached as Exhibit A hereto.

8.      Since Plaintiff began using the "PAYCOM" mark to identify and promote its business, Plaintiff has expended substantial resources to advertise to the public the availability of its services under the "PAYCOM" mark.  Plaintiff's services have been and are being advertised and promoted extensively under the "PAYCOM" mark in various forms of media.  Plaintiff also maintains a website having the URL www.paycomonline.com.

9.      By reason of the adoption and longstanding continuous use of the "PAYCOM" mark, the mark has a distinctive quality and has acquired special and particular significance and extremely valuable goodwill as identifying Plaintiff, so that when members of the public see or hear such marks and or variations thereof, they think of Plaintiff.

10.     Consequently, through such usage and recognition, Plaintiff has acquired (in addition to its statutory rights arising from its Federal registration) common-law rights in the

2

"PAYCOM" mark as a service mark, which rights extend, without limitation, to the exclusive right to use "PAYCOM" throughout the United States.

11.     By virtue of Plaintiff's long-standing exclusive use of the "PAYCOM" mark in commerce, Plaintiff owns all right, title, and interest to the mark in connection with payroll services, namely payroll preparation services and payroll tax debiting services, and other financial services such as human resource services, Automated Clearing House (ACH) services, and wire transfer services, throughout the United States.

## DEFENDANT AND ITS UNLAWFUL ACTIONS

12.     Defendant was formed in January 2004, and provides clearing and reconciling transactions via a global computer network; providing a wide variety of payment services, namely, credit card processing, electronic check processing, reporting of transaction activities, transmission of bills and payments thereof, conducted via a global computer network, under the trade name "PAYCOM.net."

13.     Defendant maintains a website having the URL www.paycom.net.

14.     On June 10, 2004, Defendant filed a federal trademark application with the United States Patent and Trademark Office for the mark "PAYCOM.net," stating a date of first use in commerce as January 1, 2004.

15.     On January 13, 2005, Defendant's trademark registration was refused by the United States Patent and Trademark Office based on a likelihood of confusion in view of Plaintiff's registered trademark, "PAYCOM."

16.     Plaintiff has not authorized Defendant to use the name "PAYCOM.net" in association with its services anywhere in the United States.

17.     Defendant's use of "PAYCOM.net" has created a likelihood of confusion

3

among Plaintiff's customers and others as to the source of Defendant's services, as well as the services of Plaintiff.

18.     Defendant's use of the "PAYCOM.net" name has created actual confusion among Plaintiff's customers and others as to the source of its services and the services of Plaintiff.

19.     Defendant's use of the "PAYCOM.net" name has tarnished and continues to tarnish Plaintiff's reputation and goodwill associated with its registered trademark.

## COUNT I

### Violation of the Lanham Act
### 15 U.S.C. § 1125(a)

20.     The allegations of ¶¶ 1 through 19 are realleged and incorporated herein by reference.

21.     Defendant's unauthorized use in commerce of the "PAYCOM.net" mark constitutes a false designation of origin, a false or misleading description of fact and a false and misleading representation of fact, which is likely to cause and has in fact caused confusion, mistake and deception that Defendant and its products and/or services are affiliated with, sponsored by, or approved by Plaintiff, thereby harming Plaintiff's reputation and diverting Plaintiff's goodwill to Defendant, all in violation of 15 U.S.C. § 1125(a) of the Lanham Act.

22.     Defendant's acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial injury to Plaintiff and the public.  Plaintiff is therefore entitled to damages and injunctive relief to remedy Defendant's actions.

4

**COUNT II**

**Unfair Competition Under the
Common Law of Oklahoma**

23.     The allegations of ¶¶ 1 through 22 are realleged and incorporated herein by reference.

24.     Defendant, with full knowledge of Plaintiff's superior rights, adopted and is using the trade name "PAYCOM.net" in connection with its services with the deliberate and express purpose of obtaining the benefit of the goodwill and reputation of Plaintiff.

25.     Defendants' aforesaid actions constitute unfair methods of competition and unfair or deceptive acts or practices and create and/or threaten to cause a likelihood of confusion or mistake in the public's mind as to the parties' respective services, all in violation of the common law of Oklahoma.

26.     Defendant's unlawful actions have caused Plaintiff to suffer irreparable injury, have resulted in unjust enrichment to Defendant, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.

**COUNT III**

**Common Law Trademark Infringement**

27.     The allegations of ¶¶ 1-26 are realleged and incorporated herein by reference.

28.     Defendants' aforesaid actions constitute an infringement of Plaintiff's exclusive rights in the "PAYCOM" mark, and creates and/or threatens to cause a likelihood of confusion or mistake in the public's mind as to the parties' respective services, all in

violation of the common law of Oklahoma.

29.     Defendant's unlawful actions have caused Plaintiff to suffer irreparable injury, have resulted in unjust enrichment to Defendant, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.

## COUNT IV

### Violation of the Oklahoma Deceptive
### Trade Practices Act, 78 O.S. § 51, *et seq.*

30.     The allegations of ¶¶ 1-29 are realleged and incorporated herein by reference.

31.     Defendant's conduct as described herein constitutes unfair, unconscionable or deceptive methods, acts or practices in the conduct of a trade or commerce as provided under the Oklahoma Deceptive Trade Practices Act, 78 O.S. § 51, *et seq.*

32.     Defendant's unlawful actions have caused Plaintiff to suffer irreparable injury, have resulted in unjust enrichment to Defendant, and have caused and will continue to cause, unless enjoined by this Court, substantial and irreparable harm to Plaintiff for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of Defendant's unlawful acts as alleged in this Complaint, Plaintiff respectfully prays that:

1.     The Court enter judgment that the "PAYCOM" mark is valid and enforceable for use by Plaintiff throughout the United States in conjunction with Plaintiff's services; that Plaintiff owns all right, title and interest in and to said mark for use throughout the United

States in conjunction with said services; and that Defendant, as a result of its unauthorized use of the trade name and service mark "PAYCOM.net," has used and/or threatens to use false designations of origin, false descriptions and false representations and committed acts of trademark infringement in violation of 15 U.S.C. § 1125(a); has committed trademark infringement and unfair competition in violation of the common law of Oklahoma, and has committed deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act and grant Plaintiff damages therefor.

2.     The Court enjoin Defendant, its agents, servants, employees, and attorneys, and all those persons in active concert or participation with them from continuing the acts complained of herein and, more particularly, that such person or entities be enjoined and restrained from:

(a)     adopting or using as a trade name, trademark, service mark, domain name, metatag or otherwise in conjunction with the aforesaid services, any name, mark or other designation which incorporates the "PAYCOM" mark or any colorable variant, or any confusingly similar designation, including, without limitation, "PAYCOM.net"

(b)     otherwise infringing  Plaintiff's "PAYCOM" mark, otherwise unfairly competing with, injuring the business reputation of, or damaging the goodwill of Plaintiff in any manner, otherwise falsely representing itself as being connected with, sponsored by, or associated with Plaintiff, otherwise engaging in deceptive or unfair trade practices, or otherwise engaging in unfair competition which in any way injures Plaintiff.

3.     Defendant be required to pay Plaintiff the costs of this action and the reasonable attorneys' fees Plaintiff incurs in connection with this action;

4.     Defendant be required to pay any applicable statutory damages and/or

Plaintiff's actual, enhanced and punitive damages in light of the willful and predatory nature of Defendant's actions;

5.      An accounting be had and Defendant be required to disgorge to Plaintiff the profits it has earned as a result of its unlawful conduct as described herein; and

6.      Plaintiff be granted such other, different and additional relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 22, 2005            s/R. Trent Pipes

JURY TRIAL               Robert Trent Pipes
DEMANDED                 Joseph P. Titterington
                         G. Neal Rogers
                         DUNLAP, CODDING & ROGERS, P.C.
                         1601 Northwest Expressway, Suite 1000
                         Oklahoma City, Oklahoma  73118
                         Telephone:   (405) 607-8600
                         Facsimile:    (405) 607-8686